[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 163.]

THE STATE EX REL. BALVIN, APPELLEE AND CROSS-APPELLANT, *v.*

YOUGHIOGHENY & OHIO COAL COMPANY, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. Balvin v. Youghiogheny & Ohio Coal Co.*,

**1994-Ohio-108.**]

*Workers' compensation—Industrial Commission's order denying permanent total*
*disability compensation an abuse of discretion when order enumerating*
*evidence relied on omits rehabilitation report from evidence the*
*commission considered.*

(No. 93-1340—Submitted June 15, 1994—Decided August 31, 1994.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No.

92AP-665.

————————

{¶ 1} Appellee and cross-appellant, Robert Balvin ("claimant"), injured his back on January 31, 1983 in the course of and arising from his employment with appellant and cross-appellee, Youghiogheny & Ohio Coal Company ("Y&O"). Workers' compensation benefits were awarded.  In 1989, claimant applied to the Industrial Commission of Ohio for permanent total disability compensation.  Dr. Richard S. Glass, claimant's attending physician, certified permanent total disability (*sic*).  Commission physician, Paul F. Gatens, Jr., examined claimant and assessed a forty-five percent permanent partial impairment with a capacity for light work. Claimant was evaluated by the commission's rehabilitation division.  Its report catalogued claimant's vocational assets and limitations as follows:

"* * * VOCATIONAL ASSETS:

"1. * * * [A]ge * * *

"2. * * * lengthy work history with V&O [*sic*] Coal Company.

"3. * * * [claimant's] indication that he was a high school graduate.

"* * * VOCATIONAL LIMITATIONS:

"1. Length of time that Mr. Balvin has been without competitive employment.

"2. Physical capacities are decreased below competitive levels at this time.

"3. Mr. Balvin is not currently involved with any type of physical conditioning program.

"4. Mr. Balvin noted that he takes medication throughout the day.

"5. Verbal and non-verbal pain complaints by Mr. Balvin.

"6. Mr. Balvin's attitude towards further rehabilitation services and that he does not want further rehabilitation.

"7. Mr. Balvin's lack of initiative of becoming involved with further programming.

"8. Possible unemployment rate within Mr. Balvin's local geographic area.

"9. Mr. Balvin's academic skills.  Even though Mr. Balvin noted that he was a graduate of high school, it is felt that Mr. Balvin has several academic deficits."

{¶ 2} The rehabilitation division subsequently closed claimant's file, noting:

"Based on Mr. Balvin's Vocational Screening, prognosis for future vocational rehabilitation services appears to be poor at this time.  Significant barriers in returning to work include:  Mr. Balvin's current deconditioned state and his physical capacities are not within entry competitive levels at this time.  Furthermore, Mr. Balvin noted to this evaluator that he did not think the rehabilitation services would be a benefit to him because he cannot concentrate very good [*sic*], he is very nervous, emotionally upset, and gets easily depressed.  Mr. Balvin also noted that he has sitting/standing problems and he did not learn that much going through school.

"Rehabilitation services were discussed with Mr. Balvin and the claimant expressed little interest in getting involved."

**{¶ 3}** The commission denied permanent total disability compensation, writing:

"The reports of Drs. Glass and Gatens were reviewed and evaluated. This order is based particularly upon the report of Dr. Gatens, the evidence in the file and the evidence adduced at the hearing.

"The claimant is fifty years of age, has a twelfth grade education and possesses limited vocational skills or training. Commission specialist, Dr. Gatens, indicates claimant has a forty-five percent permanent partial impairment and could engage in sustained remunerative employment. With consideration given to all factors, the claimant is found not to be permanently and totally disabled."

**{¶ 4}** Claimant filed for a writ of mandamus in the Franklin County Court of Appeals, alleging that the commission abused its discretion in failing to: (1) consider the rehabilitation report, and (2) issue an order that satisfied *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The appellate court held that because the commission is only required to list the evidence on which it relied, the lack of reference to the rehabilitation report did not prove that the commission impermissibly ignored that evidence. It, accordingly, found no abuse of discretion in that regard. The appellate court did, however, agree that *Noll* had been violated and returned the cause for further consideration and amended order.

**{¶ 5}** The cause is now before this court upon an appeal and cross-appeal as of right.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald E. Slipski* and *Steven L. Paulson*, for appellee and cross-appellant.

*Hanlon, Duff & Paleudis Co., L.P.A.*, and *Gerald P. Duff*, for appellant and cross-appellee.

_____

**Per Curiam.**

{¶ 6} Y&O contests the appellate court's decision to return the cause for further consideration and amended order.  Claimant contests the court's refusal to order the commission to expressly consider the rehabilitation report and issue an amended order.  Only claimant's challenge is found persuasive.

{¶ 7} This case falls squarely under *State ex rel. Fultz v. Indus. Comm.* (1994), 69 Ohio St.3d 327, 631 N.E.2d 1057.  *Fultz* returned for further consideration an order that omitted reference to two reports among the evidence purportedly considered.  The court wrote:

"Neither the commission's rehabilitation report nor Riccio's vocational report is listed in the commission's order as being among the evidence the commission considered.  While the commission correctly contends in essence that it need only enumerate the evidence relied on, the fact that the commission in listing the evidence considered omitted those two reports from that list, leads to only one conclusion—the commission either inadvertently or intentionally ignored that evidence.  Because these reports could be key to the success or failure of claimant's application, the cause must be returned to the commission for further consideration."  *Id.* at 329, 631 N.E.2d at 1059.

{¶ 8} *Fultz* also held that *Noll* review was premature, since a satisfactory evidentiary explanation could not occur unless all evidence had been considered.  Y&O's claim of *Noll* compliance is not, therefore, ripe for review.

{¶ 9} Accordingly, that portion of the appellate court's judgment that returned the cause for further consideration and amended order is affirmed.  That portion of the judgment which declined to specifically direct the commission to consider the rehabilitation report and issue an amended order is reversed.

*Judgment reversed in part*
*and affirmed in part.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____